| | |
|---|---|
| STEPHEN SILAS THOMAS, § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | 2:17-CV-0112 |

STEPHEN SILAS THOMAS,

    Petitioner,

v.      2:17-CV-0112

LORIE DAVIS, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

    Respondent.

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus filed by petitioner STEPHEN SILAS THOMAS. Petitioner does not challenge his February 20, 1981 conviction for the offense of aggravated robbery out of Dallas, Texas and the resultant 60-year sentence. Instead, petitioner appears to challenge the January 21, 2007 issuance of a new Texas Department of Criminal Justice (TDCJ) identification number upon his return to prison as a parole violator. Petitioner appears to argue each and every proceeding related to this "new" identification number is void and illegal. The undersigned United States Magistrate Judge recommends petitioner's habeas application be DENIED.

## I.
## PROCEDURAL HISTORY

In a prior case petitioner filed the undersigned set out the procedural history of petitioner's

case as follows:

> On February 20, 1981, petitioner was convicted in Dallas County, Texas, of the offense of aggravated robbery, such offense alleged to have been committed on October 28, 1980, and was sentenced to sixty (60) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). *State v. Thomas*, No. F80-15637-IN. After crediting petitioner's sentence with pre-sentence jail time, TDCJ calculated petitioner's sentence begin date as November 19, 1980.
>
> According to petitioner, he was granted release to parole from this 60-year sentence on or about December 27, 2000, after serving approximately twenty (20) years and 1 month of his 60-year sentence. On August 10, 2006, petitioner was arrested in Dallas County, Texas for a theft offense and, on November 17, 2006, while on parole, was convicted of the theft offense in Dallas County, Texas and sentenced to one (1) year. *See State v. Thomas*, No. F-06-69177. Petitioner states his parole from his 60-year sentence was revoked and, on or about January 31, 2007, he was returned to prison after having been on parole for approximately six (6) years.
>
> Petitioner advises he was again granted release to parole on or about May 21, 2008, after serving approximately 21 years and 5 months of his 60-year sentence. In August 2010 and May 2012, petitioner was convicted of theft offenses and assessed sentences of less than one year which he subsequently discharged. *State v. Thomas*, No. F-1072136-M (Dallas Co.), and No. 1278149D (Tarrant Co.). Instead of being sent to TDCJ to serve those sentences, petitioner began serving the sentences in a state jail facility and was apparently assigned a new prisoner identification number.[1] Petitioner's parole from his 60-year aggravated robbery sentence does not appear to have been revoked as a result of these new state jail felony convictions.
>
> On June 20, 2013, petitioner committed the offense of and was arrested for burglary of a building and, on July 19, 2013, was convicted in Dallas County, Texas of the state jail felony offense of burglary of a building and sentenced to "7 months state jail division, TDCJ." *See State v. Thomas*, No. F-13-57073-T. The state court judgment further provided, "This sentence shall run concurrently." No other sentence, however, was identified as the sentence with which the burglary of a building sentence was to run concurrently. After crediting his sentence with pre-judgment confinement time, petitioner's begin date on this 7-month sentence was June 20, 2013.

---

[1] In his prior federal habeas case petitioner appears to have alleged that he received the "new" TDCJ identification number when he was sent to a state jail facility for two theft convictions, one in August of 2010 and one in May of 2012. In the instant federal habeas application petitioner avers he, "...was re issued new identification number," upon his arrival at the Classification Division of TDCJ on January 31, 2007. Even if the later dates (2010 or 2012) were used, it would not change the outcome.

> On August 27, 2013, a parole revocation hearing was held on whether petitioner's parole from his 60-year aggravated robbery sentence in Cause No. F80-15637 should be revoked. On September 13, 2013, while serving this 2013 state jail offense sentence, petitioner's parole was revoked, after having been on release for approximately five (5) years and three (3) months. According to petitioner, his parole was revoked solely as a result of his new conviction in Cause No. F-13-57073. It appears petitioner was granted early release from his 7-month state jail sentence on December 4, 2013 after serving 168 days of his sentence, but was not physically released from the state jail facility, possibly because of a parole revocation hold. On January 9, 2014, it appears petitioner was returned to prison on his original 60-year sentence. On January 15, 2014, it appears petitioner's 210-day sentence discharged.
>
> On January 17, 2014, petitioner requested, through TDCJ-CID's internal time credit dispute resolution process, a correction of time credited toward the completion of his 60-year sentence. *See* Tex.Govt Code Ann. § 501.0081. Petitioner appears to have requested (1) flat time credit for the period of time he spent on parole, and (2) flat time credit for time he served in a state jail facility on his 7-month sentence. It appears petitioner was denied review of his claim for time credits on February 12, 2014 because he had filed a prior time credit dispute and was only allowed one time credit dispute resolution per year. Petitioner has not provided the Court with copies of any previous time credit dispute claims he filed, nor has he challenged TDCJ's ruling.

*Thomas v. Davis*, 2:14-CV-0027, 2017 WL 531859, at *1–2 (N.D. Tex. Jan. 17, 2017), report and recommendation adopted, 2:14-CV-0027, 2017 WL 530533 (N.D. Tex. Feb. 8, 2017)(internal footnotes omitted).

Petitioner filed this federal habeas petition on June 18, 2017. On July 14, 2017 petitioner was ordered to respond and clarify the issues presented and whether they were time-barred and/or successive. Petitioner filed his response on August 1, 2017.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is confined in violation of the Constitution and laws of the United States because the new TDCJ identification number issued to him:

1. Rendered his underlying 1981 conviction null, void and illegal;

2. Makes it appear as though he has committed a new crime with a new sentence and thus increases his punishment; and

3. Makes his release to parole in May of 2008 on his underlying 60-year sentence illegal and the 2013 revocation of that parole illegal as well.

## III.
## LIMITATIONS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period in which to file an application for a federal writ of habeas corpus by a person in custody pursuant to a state court judgment. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a

constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C). Consequently, the statutory time period in this case either began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, " *see* 28 U.S.C. § 2244(d)(1)(A), or the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

By his response filed with the Court August 1, 2017, petitioner has set forth the above listed allegations stating these claims result from the issuance of a "new" TDCJ identification number on January 31, 2007. Consequently, petitioner appears to be time-barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d), the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner's federal habeas application was due on January 31, 2008, absent any tolling which would have occurred during the applicable one-year period, and petitioner's claim, not filed until June 18, 2017, is time-barred.[2]

Petitioner appears to argue the limitations period does not apply to him because he is being illegally held, each day of illegal confinement constituting a new actionable violation. To the extent this argument might be valid in a case where a prisoner was being held beyond the calendar time to which he was sentenced, it is not applicable to petitioner's case. Petitioner's 60-year sentence on his 1981 conviction will run until 2048. Petitioner's online Offender Information Detail maintained by the Texas Department of Criminal Justice, Correctional Institutions Division, reflects petitioner's

---

[2] As was recited from petitioner's prior federal habeas filings, it does not appear petitioner attempted to pursue the claims listed herein until his parole was revoked in 2013.

reflects petitioner's projected release date to be October 8, 2024 with a maximum sentence date of January 26, 2048. It is clear petitioner is not being illegally held past his discharge date. To the extent petitioner presents a theory that the issuance of a "new" TDCJ identification number somehow voided his aggravated robbery conviction and 60-year sentence, petitioner has presented nothing more than conclusory allegations, or wishful thinking, unsupported by law or evidence, to support his claim that he is being illegally held.

## IV.
## SUCCESSIVENESS

In his habeas application, petitioner concedes he has previously filed two federal habeas petitions in this Court, Cause Nos. 2:14-CV-025 and 2:14-CV-027. Title 28 U.S.C. section 2244(b)(3)(A) provides that *before* a second or successive application permitted by section 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). This Court is bound by the requirements of 28 U.S.C. § 2244(b)(3). This Court cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing consideration of a successive petition.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge that the

Petition for a Writ of Habeas Corpus filed by petitioner STEPHEN SILAS THOMAS be DENIED.[3]

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services*

---

[3] Ordinarily, the Court would consider transfer to the Fifth Circuit as a successive petition. It is so clear that petitioner's claims are time-barred, however, that the objective of efficient adjudication is better served by the issuance of this Report and Recommendation.

*Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).